**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MALINDA SLATON, Plaintiff-Appellant, v. L.L.O., INC., DBA Acme Electric, Defendant-Appellee, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 357, Defendant. | No.   20-15808 D.C. No. 2:17-cv-01561-RFB-DJA MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 12, 2021**
Las Vegas, Nevada

Before:  CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

---

  *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Malinda Slaton appeals the district court's order of summary judgment in favor of L.L.O, Inc., on her claim of discrimination under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's summary judgment de novo, *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir. 2004), we affirm.

The district court correctly concluded that Slaton failed to carry her initial burden to establish that similarly situated men were treated more favorably than her, which was an essential element of her prima facie case. *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). On October 26, 2016, a supervisor admonished Slaton and unspecified members of her truck crew that failure to report damage to company equipment would result in termination. Two days later, Slaton was involved in an incident where company equipment was damaged, and she did not immediately report that damage to her supervisor. The supervisor fired Slaton, for "fail[ing] to report damage to company equipment." Slaton claimed that several male employees caused damage to company equipment without being fired. But a rational juror would not be able to discern if the male employees were similarly situated to Slaton. *See Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (holding that to prove that one is "similarly situated," a plaintiff must show that they are similarly situated "in all material respects"). The

2

incidents cited mostly occurred *before* the supervisor's warning, and Slaton failed to specify if those men were otherwise warned.  Although one incident occurred the day after the October 26 warning, Slaton did not specify whether the individual, Carrello, received that warning or any other warning.  It also appears he reported the damage.  Viewing the evidence in the light most favorable to Slaton, a juror would not be able to infer unlawful discrimination.

**AFFIRMED.**